

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| GEORGE L. LOPEZ, | § | |
| *Plaintiff,* | § § § | |
| v. | § | CIVIL ACTION NO: 1:10-CV-511 |
| BARACK OBAMA, President, F. MICHAEL KELLEHER, and VETERAN AFFAIR DEPARTMENT, | § § § § § | |
| *Defendants.* | § | |

## MEMORANDUM ORDER

Pending before the Court is the defendants' *Motion to Dismiss for Lack of Subject Matter Jurisdiction* [Clerk's doc. #16]. The Court referred this matter to United States Magistrate Judge Keith F. Giblin for consideration and recommended disposition of case-dispositive pretrial motions. The Court has received and considered the report of the United States Magistrate Judge, along with the record and pleadings.

The magistrate judge recommended that the defendants' motion be granted. The plaintiff has not filed specific objections to the report. He has, however, filed several documents and motions since Judge Giblin issued his report.

As part of the *de novo* review, the Court has reviewed the plaintiff's *pro se* filings. None of them address Judge Giblin's conclusion that this Court lacks subject matter jurisdiction. In fact, his filings are largely illegible, rambling, and have no applicability to the magistrate judge's specific findings.

Additionally, to the extent that the plaintiff now attempts to assert allegations against the City of Beaumont for disconnecting his utilities, those allegations do not independently confer jurisdiction upon this Court. *See Plaintiff's "Request for Guidance"* [Clerk's doc. #30]; *Letter* [Clerk's doc. #33]; *and Motion* [Clerk's doc. #34]. Because the Court lacks jurisdiction over the plaintiff's claims against the federal defendants, the Court also cannot exercise supplemental jurisdiction over any additional claims the plaintiff now attempts to pursue against the City.

Additionally, the plaintiff has not properly added the City of Beaumont as a party by naming them in an acceptable pleading. He also has not requested the issuance of summons or service of process upon the City in accordance with the Federal Rules of Civil Procedure.

As Judge Giblin stated in his report, Lopez' filings are incoherent and, and, although he is proceeding *pro se*, he is not excused from complying with the applicable rules and procedures governing pleading in federal court. The plaintiff's recent filings and motions must be overruled and denied in every respect.

In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court conducted a *de novo* review of the magistrate judge's findings, the record, and the applicable law in this proceeding. Having considered the plaintiff's filings, the Court finds that any purported objections are without merit. Judge Giblin's findings and analysis are not in error in analyzing the Rule 12(b)(1) motion to dismiss and the jurisdictional issues.

The Court therefore **ORDERS** that the plaintiff's purported objections and motions filed in response [Clerk's doc. #29, 30, 32, 33, 34] to the magistrate judge's report and recommendation are **OVERRULED** and **DENIED**. The Court further accepts the findings, analysis and recommended disposition set forth in Judge Giblin's report and recommendation. Accordingly, the Court **ORDERS** that the report and recommendation [Clerk's doc. #28] of the magistrate judge is **ADOPTED**.

It is therefore **ORDERED** that the defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) [Clerk's doc. #16] is **GRANTED**.

It is finally **ORDERED** that the plaintiff's claims are **DISMISSED**, in their entirety, without prejudice, for lack of subject matter jurisdiction. The Clerk of Court is directed to close this case.

**SIGNED** this the 11 day of **August, 2011.**

_____
Thad Heartfield
United States District Judge